**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREGORY WESTON,          :    CIVIL ACTION NO.
                           :
          *Plaintiff,*     :
                           :
     v.                   :
                           :
MIKE PIAZZA HONDA,     :
JOE GILLESPIE, AND      :    **JURY TRIAL DEMANDED**
RICHARD LANCI,        :
                           :
         *Defendants.*    :

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Gregory Weston, a former employee of Defendant, Mike Piazza Honda (hereinafter "Corporation"), who has been harmed by Defendant Corporation's illegal discriminatory actions and other illegal actions of the individually-named Defendants resulting in his discharge from employment.

2.    This action arises under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a) and the Pennsylvania Human Relations Act, ("PHRA"), 43 P.S. §951, et seq.

**II.    JURISDICTION AND VENUE:**

3.    The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

4.     The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled. On March 18, 2003 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6.     The Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.   PARTIES**:

7.      Plaintiff, Gregory Weston, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at 416 West Roosevelt Boulevard, Philadelphia, Pennsylvania.

8.     Defendant, Mike Piazza Honda., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 1908 East Lincoln Highway, Langhorne, Pennsylvania.

9.      Defendant, Joe Gillespie ("Gillespie"), is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at an undetermined address.   At all times relevant hereto, Defendant Gillespie was the General Manager for Defendant

Corporation.

10.     Defendant, Richard Lanci ("Lanci"), is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at an undetermined address.   At all times relevant hereto, Defendant Lanci was the Director of the Service and Parts Department for Defendant Corporation.

11.      At all times relevant hereto, Defendant Corporation was acting through its agents, servants and employees, including all of the individually-named Defendants, who were acting within the scope of their authority, course of their employment and under the direct control of the Defendant Corporation.

## IV.  STATEMENT OF CLAIMS:

12.     The Plaintiff was employed by Defendant Corporation from in or about December of 1999 until on or about December 7, 2001, the date of his unlawful termination.

13.     During the course of his employment with Defendant Corporation, Plaintiff held the position of Detail Department Manager and performed all the duties and obligations commensurate with that position in a dutiful and competent manner.

14.     During the course of the Plaintiff's employment, Defendant Corporation subjected the Plaintiff to various instances of discrimination and harassment based on Plaintiff's religion, Muslim.

15.     By way of example, on or about September 12, 2001, Paul Gamba

-3-

("Gamba"), an employee of Defendant Corporation, approached the Plaintiff and shouted, "I want to kill all of you mother f\*\*\*ing Muslims and send you all back to Afghanistan."

16.     Immediately thereafter, Plaintiff registered a complaint with Defendant Lanci, however the discrimination and harassment persisted.

17.     On or about September 16, 2001, Defendant Lanci handed the Plaintiff a photograph of Osama bin Laden with the Plaintiff's face pasted over that of bin Laden. Defendant Lanci stated to the Plaintiff that he thought the photograph was humorous.

18.     Subsequently, Plaintiff lodged another complaint with Defendant Gillespie. Defendant Gillespie informed the Plaintiff that he would not address the discriminatory and harassing treatment of Plaintiff because he felt it would just worsen.

19.     Thereafter, as further discrimination and harassment, Defendant Gillespie stated to the Plaintiff, "We don't want Muslims living up here because you guys like blowing up things."

20.     At all times relevant hereto, the Plaintiff opposed the aforesaid discriminatory and harassing treatment, however the Defendants refused to conduct an investigation or take any other remedial action on the Plaintiff's behalf.

21.     Rather, in retaliation for opposing religious discrimination and harassment in the workplace, the Plaintiff's position of employment with Defendant Corporation was terminated on December 7, 2001.

22.     The Plaintiff believes and avers that there was no legitimate business reason

-4-

for his termination and that it was solely a result of his religion and in retaliation for opposing unlawful discrimination and harassment in the workplace.

## COUNT I
### (Title VII - Religious Discrimination, Harassment and Retaliation)
### Plaintiff v. Defendant Corporation

23.     Plaintiff hereby incorporates by reference paragraphs 1 through 22 inclusive contained in the foregoing Complaint as though fully set forth herein.

24.     The Plaintiff believes and avers that he was subjected to religious discrimination, harassment and retaliation in the terms, conditions and privileges of his employment, resulting in the termination of his employment because of his religion and in retaliation for opposing such discrimination and harassment, in violation of Title VII, 42 U.S.C. §§2000(e), et seq.

25.      As a direct result of Defendant's willful and unlawful actions as aforesaid, in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (PHRA- Religious Discrimination, Harassment and Retaliation)
### Plaintiff v. Defendant Corporation

26.      Plaintiff hereby incorporates by reference paragraphs 1 through 25 inclusive contained in the foregoing Complaint as though fully set forth herein.

27.     The Plaintiff believes and avers that he was subjected to religious discrimination, harassment and retaliation in the terms, conditions and privileges of his employment, resulting in the termination of his employment because of his religion and in retaliation for opposing such discrimination and harassment, in violation of the PHRA.

28.     As a direct result of willful and unlawful actions as aforesaid, in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### COUNT III
**(PHRA-Aiding and Abetting)**
**Plaintiff v. Defendants Gillespie and Lanci**

29.     Plaintiff hereby incorporates by reference paragraphs 1 through 28 inclusive contained in the foregoing Complaint as though fully set forth herein.

30.     At all times material herein, the PHRA has made it unlawful for Defendants to "aid, abet, incite, compel or coerce the doing of any act declared [under Pennsylvania Human Relations Act] to be an unlawful discriminatory practice[.]"

31.     Defendants Gillespie and Lanci abetted, incited, compelled and coerced unlawful and intentional religious discrimination and harassment against the Plaintiff, in direct violation of the above quoted provisions of the PHRA.

32.     As a direct result of said Defendants' wilful and unlawful actions in aiding

-6-

and abetting discrimination against Plaintiff as aforesaid, in violation of the PHRA,

Plaintiff has sustained loss of earnings, severe emotional and psychological distress, loss

of self-esteem, loss of future earning power, plus back pay, front pay and interest due

thereon.

## COUNT IV
### (Intentional Infliction of Emotional Distress)
### Plaintiff v. All Defendants

33.     Plaintiff hereby incorporates by reference paragraphs 1 through 32

inclusive contained in the foregoing Complaint as though fully set forth herein.

34.     In committing the acts as aforesaid, the Defendants knowingly, willfully,

intentionally, and recklessly engaged in extreme, outrageous and intentional conduct for

the purpose of causing severe emotional distress to the Plaintiff.

35.      As a result of the acts of the Defendants as aforesaid, the Plaintiff has

suffered from anxiety and extreme and severe emotional distress, humiliation and

embarrassment.

## PRAYER FOR RELIEF

36.      Plaintiff repeats the allegations of paragraphs 1 through 35 of this

Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and

against Defendants and order that:

a.      Defendant Corporation compensate the Plaintiff  with a rate of pay and

other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b.  Defendant Corporation compensate Plaintiff with an award of front pay, if appropriate;

c.   Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

d.  Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

e.  Defendants pay to Plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f.   the Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.


SIDNEY L. GOLD & ASSOCIATES, P.C.

By:_____
    SIDNEY L. GOLD, ESQUIRE
    Attorney I.D. #: 21374
    Eleven Penn Center
    1835 Market Street
    Suite 515
    Philadelphia, PA 19103
    (215) 569-1999
    Attorney for Plaintiff